**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JASON BITZER, et al., | : | CIVIL ACTION NO. 10-5531 (MLC) |
| | : | |
| Plaintiffs, | : | **O P I N I O N** |
| | : | |
| v. | : | |
| | : | |
| BODYGLOVE INTERNATIONAL, INC., | : | |
| et al., | : | |
| | : | |
| Defendants. | : | |

THE PLAINTIFFS — Jason Bitzer and Gravity's Flaw LLC ("GFLLC") — brought this action on October 25, 2010, to recover damages for defamation and unjust enrichment, and assert jurisdiction under 28 U.S.C. § ("Section") 1332.  (Dkt. entry no. 1, Compl.)  The Court will <u>sua sponte</u> dismiss the Complaint without prejudice.  <u>See</u> Fed.R.Civ.P. 12(h)(3) (instructing court to dismiss complaint if jurisdiction is lacking).

THE PLAINTIFFS have failed to properly allege the citizenship of either Bitzer or GFLLC.  The plaintiffs merely allege that Bitzer "reside[s] in . . . New Jersey".  (Compl. at 2.)  An allegation as to where a party resides, is licensed, or has a place of business — as opposed to is a citizen or is domiciled — will not properly invoke the Court's jurisdiction.  <u>See</u> <u>McCracken v. ConocoPhillips Co.</u>, 335 Fed.Appx. 161, 162-63 (3d Cir. 2009); <u>Cruz v. Pennsylvania</u>, 277 Fed.Appx. 160, 162 (3d Cir. 2008).

**THE PLAINTIFFS** also merely allege that GFLLC is a "company" that "reside[s] . . . in New Jersey". (Compl. at 2.)  It appears that GFLLC is a limited liability company.  Limited liability companies are (1) unincorporated associations, and (2) deemed to be citizens of each state in which their members are citizens, not the states in which they were formed or have their principal places of business.  Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 418-20 (3d Cir. 2010).  The citizenship of each membership layer must be traced and analyzed to determine a limited liability company's citizenship.  Id. at 420.  The name and citizenship of each member must be specifically alleged.  See S. Freedman & Co. v. Raab, 180 Fed.Appx. 316, 320 (3d Cir. 2006) (stating citizenship is to be alleged "affirmatively and distinctly"); Vail v. Doe, 39 F.Supp.2d 477, 477 (D.N.J. 1999) (stating citizenship allegation that is based upon information and belief "does not convince the Court that there is diversity among the parties").

**THE COURT** notes that the plaintiffs' allegations concerning the first-named defendant ("First-Named Defendant") are not clear. The plaintiffs list the First-Named Defendant as "Bodyglove International, Inc." in the caption (Compl. at 1), but list it as "Bodyglove International USA" in the allegations.  (Id. at 2.) Furthermore, assuming that the First-Named Defendant is a corporation, the plaintiffs have failed to properly allege the state in which it has "its principal place of business".  See 28

2

U.S.C. § 1332(c)(1); <u>Freedman</u>, 180 Fed.Appx. at 320.  Also, the
Court's own research reveals that an entity known as "Body Glove
International" is a limited liability company.  If the First-
Named Defendant is that entity, then the plaintiffs have failed
to properly allege its citizenship, as discussed above.

**THE COURT** is also concerned about the allegations as to the
defendant listed as Sports Dimension Inc. ("SPD").  Assuming that
SPD is a corporation, the plaintiffs have failed to properly
allege the state in which it has its principal place of business.
Also, the Court's own research reveals that an entity known as
"Sports Dimension" is a limited liability company.  If SPD is
that entity, then the plaintiffs have failed to properly allege
its citizenship, as discussed above.

**THE PLAINTIFFS** have failed to show that they are deemed to
be citizens of a different state in relation to each defendant.
<u>See</u> 28 U.S.C. § 1332(a)(1); <u>Lincoln Prop. Co. v. Roche</u>, 546 U.S.
81, 89 (2005) (requiring complete diversity between each
plaintiff and each defendant).  Thus, the Court will dismiss the
Complaint, but will do so without prejudice to the plaintiffs to
either – within thirty days – (1) recommence the action in state
court, as the limitations period for the cause of action is
tolled by the filing of a federal complaint, <u>see</u> <u>Jaworowski v.
Ciasulli</u>, 490 F.3d 331, 333-36 (3d Cir. 2007); <u>Galligan v.
Westfield Ctr. Serv.</u>, 82 N.J. 188, 191-95 (1980), or (2) move in

3

accordance with the Federal Rules of Civil Procedure and the Local Civil Rules to reopen the action in federal court, with documentation properly demonstrating the citizenship of each party.  If the plaintiffs opt to move to reopen, then they do so at their own peril, as the Court will not further extend the thirty-day period to proceed in state court.

**THE PLAINTIFFS** are advised – if they opt to move to reopen – that jurisdiction is measured "against the state of facts that existed at the time of filing". Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 571 (2004).  Thus, the plaintiffs must properly (1) demonstrate Bitzer's citizenship as it existed on October 25, 2010, i.e., provide supporting documentation of his citizenship, (2) list and analyze the citizenship of each member within GFLLC as it existed on October 25, 2010, including non-managing and non-individual members, and provide supporting documentation and affidavits from those with knowledge of GFLLC's structure, (3) demonstrate the name, nature of ownership, and citizenship of each defendant as it existed on October 25, 2010, in the appropriate manner detailed above, and (4) show that there is jurisdiction under Section 1332.  The Court advises the plaintiffs that they must specifically assert citizenship as it existed on October 25, 2010.

**THE COURT** cautions the plaintiffs — if they opt to move to reopen — against restating the allegations from the Complaint.

The Court advises the plaintiffs again that an allegation as to where any party or member resides, is licensed, or has a place of business — as opposed to is a citizen or is domiciled — will not properly invoke the Court's jurisdiction.  See McCracken, 335 Fed.Appx. at 162-63.  The Court advises the plaintiffs that an allegation based upon information and belief, an assertion that is not specific (e.g., citizen of "a state other than New Jersey"), or a request for time to discern jurisdiction will result in denial of a motion to reopen, as the plaintiffs should have ascertained jurisdiction before choosing to bring an action in federal court.  See Freedman, 180 Fed.Appx. at 320.  As the plaintiffs are represented by counsel, the Court "should not need to underscore the importance of adequately pleading and proving diversity".  CGB Occ. Therapy v. RHA Health Servs., 357 F.3d 375, 382 n.6 (3d Cir. 2004).

   **THE COURT** further advises the plaintiffs — if they opt to move to reopen — to refrain from asserting confidentiality for any membership layer of GFLLC.  See Belleville Catering Co. v. Champaign Mkt. Place, 350 F.3d 691, 693 (7th Cir. 2003) (stating such details cannot be kept confidential from the judiciary); Emerald Investors Trust v. Gaunt Parsippany Partners, 492 F.3d 192, 207 n.22 (3d Cir. 2007) (rejecting, in jurisdictional analysis, partnership's "attempts to keep the identity of its limited partners confidential insofar as possible", as "the

district court must know who they are and where they are citizens and its need for that information will trump [that partnership's] policies").

THE COURT will issue an appropriate order and judgment.


s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated:  December 2, 2010